## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| CORY D. MOSBY, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | Case No. 09-cv-01252 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **O P I N I O N & O R D E R**

Petitioner, Cory D. Mosby, is before the Court on a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, filed on July 24, 2009 (Doc. 1). On October 13, 2009, Respondent filed a Response in opposition (Doc. 8) to Petitioner's Motion to Vacate. Petitioner filed a Reply on December 14, 2009 (Doc. 10). For the reasons stated below, the Court finds that an evidentiary hearing is unnecessary, and Petitioner's Motion to Vacate is DENIED.

Petitioner has requested an evidentiary hearing on his claim of ineffective assistance of counsel. (Doc. 10). He is entitled to an evidentiary hearing only if he has alleged facts that, if proven, would entitle him to relief. *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009). As discussed below, Petitioner has not met this burden. As the factual issues relevant to Petitioner's claims in this action can be resolved on the record, an evidentiary hearing is not required. *Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992).

## BACKGROUND

On May 2, 2007, following a jury trial in this Court, Petitioner was found guilty of three charges: (1) possession with the intent to distribute more than 50 grams of cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A); (2) possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c); and (3) felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (06-cr-10072, Doc. 40).

The Government's case against Petitioner was based on the contents of a white garbage bag seized during a traffic stop at 5:00 pm on August 23, 2006. On November 1, 2006, Petitioner's counsel filed an unsuccessful motion to suppress the evidence found in the white garbage bag. (06-cr-10072, Doc. 14). At the suppression hearing, defense counsel argued that the officers did not have probable cause to stop the vehicle, nor did they have probable cause to search it. (06-cr-10072, Doc. 60 at 63-66). The Court held that property damage committed by the vehicle's driver earlier in the afternoon gave cause to stop the vehicle. (06-cr-10072, Doc. 60 at 72). The Court further found that though there was conflicting testimony on whether the driver consented to a search of the vehicle, the more credible testimony showed that she did. (06-cr-10072, Doc. 60 at 70-71). The Seventh Circuit, on direct appeal, upheld the District Court's ruling, and further added that the because one of the arresting officers smelled marijuana, there was probable cause to search the vehicle regardless of consent. *United States v. Mosby*, 541 F.3d 764, 765 (7th Cir. 2008).

## DISCUSSION

28 U.S.C. § 2255 provides that a sentence may be vacated, set aside, or corrected "upon the ground that the sentence was imposed in violation of the Constitution." For Sixth Amendment claims of ineffective counsel, the Supreme Court established a two-prong test in *Strickland v. Washington*, 466 U.S. 668 (1994). In order to prevail, Petitioner must establish that (1) counsel's representation fell below the threshold of objective reasonableness, and (2) but for counsel's deficiency, there is a reasonable probability that Petitioner's trial would have turned out differently. *Id.* at 687, 694. This Court must apply the strong presumption that the performance of Petitioner's trial counsel fell within the range of reasonable professional assistance. *Id.* at 689. Failure to test the prosecution's case at specific points is not enough to overcome this presumption – counsel must "entirely fail to subject the prosecution's case to meaningful adversarial testing." *United States v. Cronic*, 466 U.S. 648, 659 (1984).

Petitioner contends in his § 2255 Motion that both Spencer Daniels and Chester Slaughter, counsel at the suppression hearing and trial, respectively, provided ineffective assistance. He identifies three areas where counsel was allegedly constitutionally deficient: (1) Daniels' failure to effectively cross-examine Officer Gray at the suppression hearing; (2) both attorneys' failure to challenge Petitioner's arrest as a Fourth Amendment violation; and (3) Slaughter's failure to adequately argue on direct appeal that the van's driver could not consent to a search of the white garbage bag.

I. **Counsel's Failure to Effectively Cross-Examine Sergeant Mushinsky at the Suppression Hearing.**

Petitioner alleges that his counsel provided ineffective assistance by failing to cross-examine Sergeant Mushinsky when he testified to smelling marijuana outside the van. (Doc. 2 at 7-8). Petitioner alleges that had counsel challenged the testimony by noting the police report lacked documentation of a marijuana odor, Sergeant Mushinsky's credibility would have suffered. The Court finds that this argument by Petitioner fails both prongs of *Strickland*.

Probable cause exists when, based on a totality of the circumstances, "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates,* 462 U.S. 213, 238 (1983). It requires a probability, not absolute certainty, that contraband or evidence of a crime will be found. *United States v. Farmer,* 543 F.3d 363, 377 (7th Cir. 2008); *see also United States v. Sidwell,* 440 F.3d 865, 869 (7th Cir. 2006) (stating that "probable cause requires only a probability or a substantial chance that evidence may be found"). In determining whether there is probable cause to search, law enforcement officers may draw reasonable inferences from the facts based on their training and experience. *United States v. Reed,* 443 F.3d 600, 603 (7th Cir. 2006). Moreover, "if probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *Wyoming v. Houghton*, 526 U.S. 295, 300 (1999) (*quoting United States v. Ross*, 459 U.S. 798, 825 (1982)). This rule applies to all containers, open or closed,

"without qualification as to ownership." *Houghton*, 526 U.S. at 300. However, a warrantless search of an automobile is nonetheless "defined by the object of the search and the places in which there is probable cause to believe that it may be found." *Ross*, 459 U.S. at 824.

The Court begins by noting that Petitioner's argument fails the second prong of *Strickland*. When Officer Marion instructed Sergeant Mushinsky to pull over the van that contained Petitioner, he informed Sergeant Mushinsky that he was performing surveillance on Petitioner when he witnessed the van's driver slash the tires of a vehicle (06-cr-10072, Doc. 60 at 7). Furthermore, he relayed to Sergeant Mushinsky that the driver was previously armed with a knife. (06-cr-10072, Doc. 60 at 7). Sergeant Mushinsky testified that once he learned of the possible presence of a knife, he approached the van more cautiously, positioning himself at the rear of the van to watch as Officer Gray approached the driver. (06-cr-10072, Doc. 60 at 9).

The totality of the circumstances described above gave Sergeant Mushinsky and Officer Gray probable cause to search the van, regardless of the driver's consent and regardless of whether Sergeant Mushinsky actually did smell or see marijuana. More specifically, probable cause existed because the totality of the circumstances indicated a "fair probability" that the knife used by the driver to commit the previously witnessed crime would be found in the van. *United States v. Zahursky*, 580 F.3d 515, 521 (7th Cir. 2009). A knife is a small object, dangerous and easily concealed. A van contains many nooks, crannies, and small compartments that may easily hide a knife. As an officer witnessed the driver perform the property damage,

5

and Sergeant Mushinsky was aware of the knife's existence, it is reasonable to suggest that the knife would be hidden in the van. *Reed*, 443 F.3d at 603 (noting that police officers may draw reasonable inferences from the facts based on their training and experience). Once probable cause arose to search the vehicle, officers could search any place that could reasonably conceal the knife. *Ross*, 459 U.S. at 824. This included containers, open or closed, regardless of whether the driver or Petitioner claimed ownership. *Houghton*, 526 U.S. at 300. As a garbage bag easily conceals a knife, officers were thus entitled to search Petitioner's bag. Because probable cause arose to search the van regardless of whether Sergeant Mushinsky actually did smell marijuana, Petitioner suffered no prejudice by defense counsel's failure to cross-examine Sergeant Mushinsky's testimony.

Based on the fact that probable cause justified the search of the van, Petitioner's argument also fails the first prong of *Strickland*. As Judge Posner pointed out in *United States v. Rezin*, 322 F.3d 443, 446 (7th Cir. 2003), there is a tactical reason for omitting meritless arguments: weak arguments may distract the court from the strong arguments, and therefore make it less likely to rule in the defendant's favor. As described above, probable cause existed to search the van. An attempt by defense counsel to challenge Sergeant Mushinsky's statement regarding the odor of marijuana would have been frivolous. Impeaching that portion of the testimony would have not resulted in any net benefit to the defense, and in fact may have distracted the Court from defense counsel's most beneficial argument – that

6

the initial stop was illegal.[1] This was a reasonable tactical decision taken by counsel, and therefore it cannot be said that the defense "entirely fail[ed] to subject the prosecution's case to a meaningful adversarial testing." *Cronic*, 466 U.S. at 659.

In sum, Petitioner's argument fails both prongs of *Strickland*. Petitioner suffered no prejudice by defense counsel's failure to cross-examine Sergeant Mushinsky, as probable cause arose to search the van regardless of whether Mushinsky actually smelled marijuana. Furthermore, the decision by defense counsel not to challenge that portion of testimony was likely a legitimate tactical decision aimed at omitting a frivolous argument.

## II. Counsel's Failure to Challenge Petitioner's Arrest as a Fourth Amendment Violation.[2]

An attorney is not constitutionally ineffective for failing to file a meritless motion to suppress. *Rezin*, 322 F.3d at 446. As previously stated, there is a tactical reason for this: weak arguments may distract the court from the strong arguments and therefore make it less likely to rule in the defendant's favor. *Id*. Petitioner argues that counsel's decision not to challenge the validity of his arrest is grounds for relief. Petitioner's claim fails both prongs of the *Strickland* test.

---

[1]  Section II of this opinion fully explains why this argument was the most beneficial.

[2]  Respondent contends that the substantive Fourth Amendment argument was waived when it was not raised on direct appeal, citing *United States v. Frady*, 456 U.S. 152, 164 (1982). This is true. However, Petitioner is raising an ineffective assistance claim based on his Fourth Amendment argument, which is a proper subject of a § 2255 motion.

7

For the first prong, Petitioner contends that counsel's failure to challenge the validity of the arrest is an egregious oversight that overcomes the strong presumption of reasonable representation. The Court disagrees. Petitioner stipulates in his brief that counsel made a conscious decision to challenge only the validity of the initial traffic stop, foregoing a challenge to the detention or arrest of Petitioner. (Doc. 2 at 7). This was undoubtedly a reasonable tactical decision, not an "entire failure to test the Government's case." *Cronic,* 466 U.S. at 659. The Court determined at the suppression hearing that the stop was valid under the Fourth Amendment, and Petitioner does not contest this finding. (06-cr-10072, Doc. 60 at 71). As stated in the previous section, probable cause arose to search the vehicle regardless of consent by Petitioner or the vehicle's driver. If Petitioner's counsel had successfully objected to the arrest or detention of Petitioner, as Petitioner wishes, the key evidence found in the car would not have been suppressed, as that evidence arose pursuant to the *stop*, not the "arrest." *United States v. Crews,* 445 U.S. 463, 474 (1980) (noting the illegality of a suspect's detention cannot deprive the Government of the opportunity to prove the suspect's guilt through the introduction of evidence wholly untainted by the police misconduct). Therefore, such an argument would have not have benefited Petitioner. Accordingly, defense counsel's decision not to file a meritless motion to suppress was a reasonable tactical decision.

Even assuming, *arguendo*, that counsel's failure to challenge Petitioner's arrest was unreasonable, Petitioner has not demonstrated to this Court why counsel's omission would have changed the outcome of his trial. Petitioner claims

8

that he was arrested before probable cause arose to do so. (Doc. 10 at 6). As discussed above, challenging the "arrest" would not have resulted in the suppression of the garbage bag from evidence. It was the contents of the garbage bag that resulted in the indictments at issue. Therefore, as challenging the arrest would not have affected the introduction of the contents of the garbage bag into evidence, counsel's decision could not have prejudiced Petitioner in any meaningful way.

In sum, counsel's decision not to challenge Petitioner's "arrest" fails both prongs of *Strickland*. As it was a reasonable tactical decision by defense counsel, the first prong has not been met. Moreover, such a challenge would not have influenced the outcome of the trial; therefore, Petitioner's argument also fails the second prong of *Strickland*.

### III. Counsel's Failure to Adequately Argue on Direct Appeal That the Driver Could Not Consent to a Search of the White Garbage Bag.

Petitioner claims that counsel did not adequately argue that Petitioner's girlfriend lacked authority to consent to a search of his garbage bag. Indeed, the Seventh Circuit noted only a single sentence raising this issue. *See Mosby*, 541 F.3d at 768. Again, Petitioner's argument fails both *Strickland* requirements.

The second prong of *Strickland* requires prejudice; in this case, none has been shown. As stated previously, "if probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents

9

that may conceal the object of the search." *Houghton*, 526 U.S. at 300. This rule applies to all containers, open or closed, "without qualification as to ownership." *Houghton*, 526 U.S. at 300. As noted in the first section of this opinion, probable cause existed to search the van. Once probable cause arose, any part of the van, or containers in the van, could legally be searched as long they could reasonably house a knife. Whether the driver actually consented to the search is irrelevant; officers could legally search the van and the garbage bag regardless. Therefore, Petitioner has failed to show that prejudice exists by counsel's failure to argue the issue of consent.

Petitioner also fails the first *Strickland* requirement. As probable cause existed to search the van, and case law firmly establishes that ownership of closed containers is immaterial, Petitioner's counsel was under no duty to make a meritless argument regarding the authority of the driver to consent to a search. *Rezin*, 322 F.3d at 446 (noting an attorney is not constitutionally ineffective for failing to file meritless motions). Such an argument would have been of no benefit to Petitioner's case, and may have ultimately harmed it. *Id.* (noting that weak arguments may distract the Court from the strong arguments).

In sum, all of Petitioner's challenges fail the *Strickland* test. Though the Court recognizes that "prejudice may be based on the cumulative effect of multiple errors", the challenges presented by Petitioner do not result in a "reasonable probability that the outcome of the trial would have been different." *Malone v. Walls*, 538 F.3d 744, 762 (7th Cir. 2008). Therefore, Petitioner's motion must fail.

## II.   CONCLUSION

For the reasons set out above, Petitioner's Motion to Vacate (Doc. 1) is DENIED. In addition, Petitioner's Motion for Hearing (Doc. 10) is DENIED. CASE TERMINATED.

ENTERED this 20th day of July, 2010.

__s/ Joe B. McDade___
JOE BILLY MCDADE
United States District Judge
