## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| CORY D. MOSBY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.   09-cv-1252 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### O P I N I O N  &  O R D E R

This matter is before the Court on Petitioner's Application for a Certificate of Appealability.[1]  (Doc. 14).  On July 20, 2010, the Court entered an Opinion & Order denying Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C § 2255.  (Doc. 11).

A Certificate of Appealability may only be issued where the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  A petitioner need not show that the appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but a petitioner must show

---

[1] Petitioner asks a judge of the Court of Appeals to grant his Certificate, pursuant to Federal Rule of Appellate Procedure 22.  (Doc. 14 at 1).  However, as provided in that Rule, a request to the District Court is the first step; if the District Court denies the request for a Certificate, then Petitioner may move for one in the Court of Appeals.

"something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Id*. at 338 (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). If the district court denies the request, a petitioner may request that a circuit judge issue the Certificate. FED. R. APP. PROC. 22(b)(1)(3).

In his § 2255 Motion, Petitioner argued that his trial and appellate counsel provided ineffective assistance, in failing to effectively cross-examine a police officer at a hearing on Petitioner's motion to suppress evidence, in failing to challenge his arrest under the Fourth Amendment, and in failing to adequately argue on appeal that the driver of the vehicle in which evidence used against Petitioner found could not properly consent to the search of a bag in Petitioner's control. The Court found that Petitioner was not harmed by his trial counsel's failure to cross-examine the officer as to his testimony that he had smelled marijuana coming from the vehicle, as the officer had probable cause to search the vehicle for a particular knife, which was evidence of a crime by the driver, including the bag in which the evidence against Petitioner was found, even without the smell of marijuana; because the officer had probable cause, it was also not error for counsel to fail to cross-examine him as to the smell of marijuana. The Court also found that the failure to challenge Petitioner's arrest was neither erroneous nor prejudicial, as Petitioner's arrest was not what led to the discovery of the evidence he wanted suppressed - the evidence was found during the search of the car, regardless of Petitioner's arrest. Finally, the Court found that the failure to adequately contest on appeal the driver's ability to consent to the search of the bag was neither prejudicial to Petitioner nor

erroneous, as there was probable cause to search the bag, regardless of whether the driver consented, since the bag could have contained the knife for which the officers were searching.

In his Application for a Certificate of Appealability, Petitioner make no showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," but merely restates the arguments that he made in support of his § 2255 Motion.  Moreover, the Court has reviewed its Opinion & Order dismissing Petitioner's § 2255 Motion, and finds no basis for a determination that the decision was debatable or incorrect.  Therefore, Petitioner's request for a Certificate of Appealability (Doc. 14) is DENIED.  Petitioner may renew his request for a Certificate of Appealability in the Court of Appeals.

IT IS SO ORDERED.


Entered this 12th day of August, 2010.


                                                 s/ Joe B. McDade
                                                 JOE BILLY McDADE
                                   United States Senior District Judge